IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SCOTTY DALE HOCKADAY, )<br>#181 616, )<br>    Plaintiff, )<br>        )<br>v.   )<br>    )<br>OFFICER TERRENCE CALVIN, *et al.*, )<br>    )<br>    Defendants. ) | CIVIL ACTION NO. 2:13-CV-120-TMH<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently housed at the Staton Correctional Facility in Elmore, Alabama, files this 42 U.S.C. § 1983 complaint seeking expungement of a disciplinary he received for a violation of Rule #927 - possession of unauthorized drugs, intoxicants, or paraphernalia. Plaintiff challenges the disciplinary charge as untrue and the finding of guilt as unfounded and, therefore, in violation of his Fourteenth Amendment right to due process. The complaint is filed against Officer Terrence Calvin, Lieutenant Daryl Fails, and Warden Leon Forniss.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate. *See* 28 U.S.C. § 1915(A).[1]

---

[1] Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A(a), this court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1) & (2). The screening procedures which have been established for prisoner civil actions by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding *in forma pauperis*. *Martin v. Scott*, 156 F.3d 578-579-80 (5th Cir. 1998).

## I. DISCUSSION

Plaintiff complains that Defendant Calvin falsely charged him with unauthorized possession of drug paraphernalia on December 29, 2012. According to the complaint, Defendant Calvin conducted an inspection of Plaintiff's bed, during which time the guard found drug paraphernalia under Plaintiff's mattress, which Plaintiff maintains is a common area. Plaintiff called as a witness at the disciplinary hearing the inmate to whom the drug paraphernalia belonged and who testified to that fact. Nonetheless, Defendant Fails, the hearing officer for Plaintiff's January 11, 2013 disciplinary proceedings, concluded that Plaintiff was guilty of the rule violation and sanctioned him with loss of canteen, telephone, and visiting privileges for a period of thirty days. Warden Forniss approved the disciplinary on January 14, 2013. (*Doc. No. 1 & Attachments*.)

The documents submitted by Plaintiff in support of his complaint reflect that he was provided advance, written notice of the charges against him, an opportunity to call witnesses and present documentary evidence in his own behalf, and a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *see also Superintendent v. Hill*, 472 U.S. 445 (1985) (at a prison disciplinary hearing, the requirements of due process are satisfied if "some evidence" supports the decision of the disciplinary hearing officer). Thus, Plaintiff does not appear to argue that Defendants violated his right to procedural due process with respect to his prison disciplinary proceedings, and, indeed, it appears he could not, other than

to claim he was found guilty despite contradictory testimony which he maintains proves him innocent. Rather, Plaintiff seeks to challenge the result of the disciplinary proceeding by claiming that the disciplinary charge itself is false.

The law is settled that an allegation that an inmate has been wrongly reported or punished for conduct which he did not commit does not, without more, assert a valid claim of the denial of due process. *See Collins v. King,* 743 F.2d 248 (5th Cir. 1984). Thus, Plaintiff's claim regarding the allegedly false disciplinary report lacks merit. Moreover, the Supreme Court has held that prison regulations on confinement of inmates do not create a liberty interest enforceable in a § 1983 action. *Sandin v. Conner,* 515 U.S. 472 (1995). In *Sandin,* the Court determined that the added restraint of prison discipline "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242 (1976).

Here, Plaintiff does not allege that the temporary loss of privileges as a result of the misconduct charge subjected him to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Because Plaintiff has not alleged deprivation of a protected liberty interest, his complaints in relation thereto fail to state a due process claim based on the alleged false charge. *See id.* at 487; *see also Collins,* 743 F.2d

at 253–54 ("[i]f the disciplinary proceeding was otherwise fair and adequate, the opportunity that it afforded [the plaintiff] to clear himself of misdeeds which he did not commit sufficed."); *Shelby v. Whitehouse,* 399 Fed. App'x 121 (7th Cir. 2010) (where prisoner plaintiff shared cell with four other inmates and one inmate had admitted that drugs found in the cell were his, disciplinary decision finding prisoner plaintiff guilty of possession was supported by "some evidence," since collective responsibility among prisoners is not unconstitutional).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The 42 U.S.C. § 1983 complaint against Defendants be DISMISSED pursuant to 28 U.S.C. § 1915(A)(b)(1);

2. Plaintiff's complaint be DISMISSED prior to service of process.

It is further

ORDERED that on or before **June 11, 2013** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the

4

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 28th day of May, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE